Angelica HARO, Individually and as Next Friend of her Minor Son, Luis Gonzalez, Jr., and Luis Gonzalez, Sr., Appellants,

v.

UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellee.

No. 14–03–01338–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 17, 2005.

---

Russell L. Cook, Jr., Lance Arney, Houston, for appellants.

Philip S. Gordon, Larry Walton, Houston, for appellees.

Panel consists of Justices YATES, EDELMAN, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this insurance indemnity dispute, Angelica Haro, individually and as next friend of her minor son, Luis Gonzalez, Jr. (collectively, "Haro"), and Luis Gonzalez, Sr. ("Gonzalez") appeal a summary judgment in favor of Universal Underwriters Insurance Company ("Universal") on the grounds that an automobile dealer's garage insurance policy covered the liability of a driver and passenger arising from a test drive of a dealership vehicle. We affirm.

### Background

Luis Gonzalez, Jr., was seriously injured while riding on his father's lap in a vehicle Daniel Rodriguez was test-driving from Landmark Chevrolet ("Landmark"). In a previous lawsuit, Haro recovered against Rodriguez, and Rodriguez was awarded a right of contribution against Gonzalez for a portion of the damages. In this lawsuit, Haro and Gonzalez sought coverage under Landmark's two insurance policies with Universal (the "policies") for their liability to Haro. The parties filed cross motions for summary judgment, and Universal was granted a take-nothing summary judgment.

### Standard of Review

A summary judgment may be granted if the motion and summary judgment evidence show that, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubt in the nonmovant's favor. *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 157 (Tex.2004). Where both parties move for summary judgment and the trial court has granted one motion and denied the other, we review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment that the trial court should have rendered. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.,* 136 S.W.3d 643, 648 (Tex.2004). We affirm a summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Joe,* 145 S.W.3d at 157.

### Coverage Issues

#### *Rodriguez*

■ Haro's sole issue asserts that Rodriguez's liability was within the "garage operations" coverage of Landmark's Universal policy number 190462 ("190462"). Universal's motion for summary judgment asserted that this coverage did not apply to Rodriguez, among other reasons, because he did not fall within the definition of an "insured" for that type of coverage.[1]

---

1. For a corporate policy holder, such as Landmark, each of the policies listed as in-

Haro contends that Rodriguez was nevertheless an insured for that coverage because the policy did not exclude him from it in the manner required by the following portion of article 5.06–2(2) of the Texas Insurance Code:

A policy of garage insurance may contain a provision to the effect that garage customers are not insureds under the garage insurance policy and that the garage insurance shall not apply to garage customers, except to the extent that other valid and collectible insurance, if any, available to the garage customer is not equal to the financial responsibility limits.... Any garage insurance policy containing such a provision shall not cover garage customers except to such extent....

TEX. INS.CODE ANN. art. 5.06–2 (Vernon 1981). Haro argues that this provision allows a garage insurance policy to exclude a garage customer from coverage only if it provides an exception that applies where the insurance available to the customer is below financial responsibility limits. Because the garage operations coverage under 190462 has no such exception, Haro contends that it does not validly exclude garage customers, such as Rodriguez; therefore he is covered.

However, for purposes of article 5.06–2(2), the *"policy* of garage insurance" in this case is 190426, and, as Haro's brief acknowledges: (1) the garage insurance coverage under 190426 includes both "garage operations" and "auto hazard" coverages; (2) these two areas of coverage within the policy overlap somewhat so that a given occurrence might fall under one, both, or neither, as the case may be; and (3) Rodriguez's test drive fell within the auto hazard coverage of the policy, which contains an express article 5.06–2(2) exception. Because the policy of garage insurance includes both the auto hazard and garage operations coverage, its exclusion of garage customers, such as Rodriguez, from its garage insurance coverage is subject to an article 5.06–2(2) exception and, thus, does not invalidly exclude them. Therefore, Haro's issue is overruled.

### Gonzalez

■ Universal's motion for summary judgment also asserted that Gonzalez's liability was not covered by the policies because he was not within their definition of an "insured." Gonzalez's sole issue on appeal contends that he is an insured under the policies based on the following four-step argument. First, the "auto hazard" coverage of the policies define an "insured" to include, "[a]ny other person ... required by law to be an insured while using [a covered auto] within the scope of [Landmark's permission]."

Second, article 5.06(1) of the Texas Insurance Code provides that:

The Board shall adopt a policy form and endorsements for each type of motor vehicle insurance subject to this subchapter. The coverage provided by a policy form adopted under this subsection is the minimum coverage that may be provided under an insurance policy for that type of insurance in this State.

TEX. INS.CODE ANN. art. 5.06(1) (Vernon Supp.2004–2005). Pursuant to this requirement, the Texas State Board of Insurance approved a standard form (the "standard form") for garage insurance, which includes among the definition of an insured, "[a]nyone else while using with your permission a covered auto...." Therefore, according to Gonzalez, the inclusion of this definition in the Board-

---

sureds for garage operations the policy holder, its employees, directors, officers, and shareholders while acting in the scope of their duties as such.

approved standard form means that such a person is required by law to be an insured, and thereby falls within the foregoing definition of an insured in the Universal policies. Third, Gonzalez contends that he was a permissive user of a covered auto under the policies; and, therefore, fourth he was a person required by law to be an insured for purposes of the auto hazard coverage in the policies.

However, to whatever extent article 5.06(1) and the standard form indicate what coverage must be included in a garage insurance policy, if one is issued, neither of them, nor any other authority Gonzalez cites, establishes that garage insurance is ever required by law to be obtained by anyone under any circumstances, or that a passenger in a vehicle, such as Gonzalez, is required by any law to be insured otherwise. In other words, even if Gonzalez is within the scope of coverage in the standard form, he is not thereby a person required by law to be an insured unless the insurance described in the standard form is somehow required by law to be obtained.

In addition, to adopt Gonzalez's reasoning would, in effect, be to: (1) hold that a determination of who is required by law to be an insured is, in turn, dictated by the type of insurance coverage that is voluntarily obtained, rather than any legal requirement specifying circumstances in which insurance coverage must exist in the first place; and (2) legislate that passengers in vehicles covered by garage insurance are legally required to be insured even though the Legislature has not seen fit to do so, no guidance would exist regarding the levels of insurance coverage required or other parameters of the requirement, and passengers in other vehicles would be subject to no such requirement. Finding no legal authority or rationale to support such a decision, we overrule Gonzalez's issue. Accordingly, the judgment of the trial court is affirmed.